Uwe Jurgen **GLUEHR,** Petitioner,

v.

Alberto R. **GONZALES,** Attorney General, Respondent.

No. 06–70860.

United States Court of Appeals, Ninth Circuit.

Submitted March 9, 2007.*

Filed March 13, 2007.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See*

Fed. R.App. P. 34(a)(2).

Tilman Hasche, Esq., Dagmar Butte, Esq., Parker Bush & Lane, Portland, OR, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, District Counsel, Office of the District Counsel, Department of Homeland Security, Portland, OR, William C. Minick, Esq., Leslie McKay, Esq., DOJ–U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: GOULD, PAEZ, and RAWLINSON, Circuit Judges.

### MEMORANDUM **

Uwe Jurgen Gluehr petitions for review of the Board of Immigration Appeals' (BIA) order dismissing his appeal of an Immigration Judge's (IJ) order denying him voluntary departure on the ground that he is an aggravated felon and as a matter of discretion.

■ 1. The BIA did not violate Petitioner's due process rights by failing to first employ the categorical approach in determining whether Petitioner's conviction constituted an aggravated felony, because whether the BIA first employed the categorical approach, or proceeded directly to the modified categorical approach, the outcome of Petitioner's removal proceedings would not have differed. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir.2000) (noting that there is no due process violation where there is no prejudice).

** This disposition is not appropriate for publication and is not precedent except as provid-

■ 2. The BIA did not violate Petitioner's due process rights by concluding that his conviction for sexual abuse in the first degree constituted an aggravated felony, because Petitioner's record of conviction establishes that he pled no contest to improperly touching a minor. *See Afridi v. Gonzales*, 442 F.3d 1212, 1215–16 (9th Cir.2006) (defining sexual abuse of a minor), *see also Lata*, 204 F.3d at 1246 (explaining that there is no due process violation where there is no error).

3. Because Petitioner's status as an aggravated felon makes him ineligible for voluntary departure, *see* 8 U.S.C. 1229c(b)(1)(C), we need not address Petitioner's contention that the BIA violated his due process rights by affirming the IJ's discretionary denial of his request for voluntary departure.

**PETITION DENIED.**